# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | | |
|---|---|---|
| DAVID C. MAYHEW, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-02497 |
| | ) | |
| D.L. YOUNG, Warden, | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's "Motion to Dismiss Application Under 28 U.S.C. § 2241" (Document No. 10), filed on June 21, 2017.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## FACT AND PROCEDURE

On April 24, 2017, Petitioner, acting *pro se*, filed his letter-form Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 1.) In his letter-form Petition, Petitioner alleges that his due process rights were violated during a prison disciplinary action. (Id.) By Order entered on April 25, 2017, the undersigned ordered that Plaintiff shall have until May 25, 2017 to: (1) File his "Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By A Person in State or Federal Custody" specifically setting forth his grounds for *habeas* relief; and (2) Either pay the $5.00 filing fee, or submit the appropriate Application to Proceed *in Forma Pauperis* with the Certificate portion completed and

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Authorization to Release Institutional Account Information. (Document No. 4.) Petitioner failed to do either. On June 5, 2017, the undersigned again direct Petitioner to: (1) File his "Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By A Person in State or Federal Custody" specifically setting forth his grounds for *habeas* relief; and (2) Either pay the $5.00 filing fee, or submit the appropriate Application to Proceed *in Forma Pauperis* with the Certificate portion completed and Authorization to Release Institutional Account Information. (Document No. 9.)

On June 21, 2017, Plaintiff filed his above "Motion to Dismiss Application Under 28 U.S.C. § 2241." (Document No. 10.) Petitioner states that the Court "construed the petitioner's action as an application under 28 U.S.C. § 2241, Writ of Habeas Corpus by a person in state or federal custody." (Id.) Petitioner requests that the above action be dismissed "due to a recent action filed with this court pursuant to "Bivens v. Six Unknown Named Federal Agents of the Federal Bureau of Narcotics."[2] (Id.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing

---

[2] On May 2, 2017, Plaintiff, acting *pro se* and incarcerated at FCI Beckley, located in Beaver, West Virginia, filed his Complaint for alleged violations of his constitutional and civil rights pursuant to 42 U.S.C. § 1983. (Civil Action No. 5:17-02497, Document No. 1.) By Order entered on May 3, 2017, the undersigned directed Plaintiff to either pay the filing and administrative fee totaling $400 or file an Application to Proceed *in Forma Pauperis* by June 2, 2017. (*Id.*, Document No. 9.) The undersigned further noted that since Defendants were acting under color of federal law, Plaintiff's claims against them are not cognizable under Section 1983. (*Id.*, p. 1, fn. 1.) The undersigned explained that claims of personal liability for violations of constitutional rights may be maintained against individual federal officers and employees under *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (*Id.*) On May 22, 2017, Plaintiff filed an identical "Motion to Withdraw Previous Action Under 42 U.S.C. § 1983 Request to Re-Submit Claim Pursuant to *Bivens v. Six Unknown Named Federal Agents of the Federal Bureau of Narcotics*." (Document No. 10.) By Order entered on May 23, 2017, the undersigned construed Plaintiff's Motion as a Motion to Amend and granted the Motion. (Document No. 11.)

party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Petitioner's Section 2241 Application nor otherwise pled. Accordingly, the undersigned respectfully recommends that Petitioner's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only

allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's "Motion to Dismiss Application Under 28 U.S.C. § 2241" (Document No. 10), **DISMISS** Petitioner's Section 2241 Application (Document No. 1) without prejudice and remove this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d

352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 1, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge